# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINSEVILLE DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor,<br><br>　　Plaintiff,<br><br>v.<br><br>**Advance Benefit Management Systems USA, Inc.,** a South Carolina Corporation; **C. Kenneth Johnson,** an individual; and **Randy Milton Wright,** an individual,<br><br>　　Defendants. | Civil Action No.:<br><br>2:20-cv-00106-RWS |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS ADVANCE BENEFIT MANAGEMENT SYSTEMS USA, INC. AND C. KENNETH JOHNSON

COME NOW Defendants Advance Benefit Management Systems USA, Inc. ("ABMS") and C. Kenneth Johnson ("Johnson"), who answer the First Amended Complaint of Plaintiff Eugene Scalia (the "Complaint"), the Secretary of the U.S. Department of Labor ("Plaintiff"), as follows:

### INTRODUCTION

Except to deny any inference of fault or liability and to incorporate herein the averments set forth below in response to the Paragraphs that follow, Defendants

1

make no response to the Introduction to the Complaint, to the extent that it purports to assert conclusions of law.

### NATURE OF THE ACTION

1.      Except to deny any inference of fault or liability, Defendants make no response to the allegations contained in Paragraph 1, since they purport to assert conclusions of law.

### JURISDICTION AND VENUE

2.      Except to deny any inference of fault or liability, Defendants make no response to the allegations contained in Paragraph 2, since they purport to assert conclusions of law.

3.      Except to deny any inference of fault or liability, Defendants make no response to the allegations contained in Paragraph 3, since they purport to assert conclusions of law.

4.      With respect to the allegations contained in Paragraph 4, Defendants: (a) make no answer to those allegations that purport to assert conclusions of law; (b) admit that Defendant entering into Administrative Service Agreements with various clients, which were self-insured health insurance plans that typically purchased stop-loss insurance; and (c) deny that they were fiduciaries for purposes of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-

1461, since they performed merely ministerial duties in the capacity of a third-party administrator.

5. With respect to the allegations contained in Paragraph 5, Defendants: (a) admit that Johnson was the founder and Chief Executive Officer of ABMS and that he had various supervisory authority within ABMS, but state that they lack sufficient knowledge or information with which to form a belief as to those allegations regarding the financial operations of ABMS; (b) make no answer to those allegations that purport to assert conclusions of law; (c) admit that ABMS entered into Administrative Service Agreements with various clients, which were self-insured health insurance plans that typically purchased stop loss coverage; (d) reserve the right to show that they were not fiduciaries for purposes of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and that they performed merely ministerial duties on behalf of the plans in question; and (e) deny that they exercised discretion or control over the plans in question as those terms are used under ERISA. *See* 29 U.S.C. § 1002(21)(A).

6. With respect to the allegations contained in Paragraph 6, Defendants: (a) admit that Randy Wright was the President of ABMS and that he had various supervisory authority in that capacity, but state that they lack sufficient knowledge or information with which to form a belief as to those allegations regarding the financial operations of ABMS; (b) make no answer to those allegations that purport

to assert conclusions of law; (c) admit that ABMS entered into Administrative Service Agreements with various clients, which were self-insured health insurance plans that typically purchased stop loss coverage; (d) reserve the right to show that no Defendant was a fiduciary for purposes of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and that all Defendants performed merely ministerial duties on behalf of the plans in question; and (e) deny that any Defendant exercised discretion or control over the plans in question for purposes of ERISA.

7. With respect to the allegations contained in Paragraph 7, Defendants: (a) admit that ABMS commenced operations in or about 2015 and that it offered certain third-party administration services on behalf of various self-insured health plans; (b) aver that the plan documents, Summary Plan Descriptions, Administrative Service Agreements, and other documents referenced in Paragraph 7 would speak for themselves and refer the Court to such documents for their terms; (c) lack sufficient knowledge to form a belief with respect to those allegations that concern the negotiation and execution of the Administrative Service Agreements at issue; and (d) make no answer to those allegations that purport to assert conclusions of law.

8. With respect to the allegations contained in Paragraph 8, Defendants: (a) aver that the plan documents, Summary Plan Descriptions, Administrative Service Agreements, and other documents referenced in Paragraph 8 would speak

for themselves and refer the Court to such documents for their terms; (b) aver that the terms and conditions of the plans sponsored by the underlying employers varied from plan to plan and, again, refer the Court to the foregoing documents; and (c) make no answer to those allegations that purport to assert conclusions of law.

9. With respect to the allegations contained in Paragraph 9, Defendants: (a) aver that the plan documents, Summary Plan Descriptions, Administrative Service Agreements, and other documents referenced in Paragraph 8 would speak for themselves and refer the Court to such documents for their terms; (b) aver that the terms and conditions of the plans sponsored by the underlying employers varied from plan-to-plan and, again, refer the Court to the foregoing documents; and (c) make no answer to those allegations that purport to assert conclusions of law.

10. Defendants admit the allegations contained in Paragraph 10.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. With respect to the allegations contained in Paragraph 13, Defendants: (a) admit that there was a division of labor between the Charleston and Gainesville offices in connection with the processing of claims and the disbursement of funds in payment thereof; and (b) lack sufficient knowledge and information with which to form a belief as to the truth of the remaining allegations.

14. Except to state that Johnson later learned that ABMS was unable to stay abreast of its accounting functions for lack of staffing, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 14.

15. Except to state that the quote in question has been taken out of context, and that Johnson later learned that ABMS was unable to stay abreast of its accounting functions for lack of staffing, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 15.

16. Except to state that Johnson later learned that ABMS was unable to stay abreast of its accounting functions for lack of staffing, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 16 and each of its subparts.

17. Except to state that Johnson later learned that ABMS was unable to stay abreast of its accounting functions for lack of staffing, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 17.

18. Except to state that Johnson later learned that ABMS was unable to stay abreast of its accounting functions for lack of staffing, Defendants lack sufficient

knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Except to admit that the plans in question were self-insured up to a specific attachment point and that they purchased stop loss insurance from various insurers, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 19.

20. With respect to the allegations contained in Paragraph 20, Defendants state that the Administrative Service Agreements in question speak for themselves and that they otherwise lack sufficient knowledge or information about the origination of such policies.

21. Except to admit that ABMS failed to submit various claims to the stop loss insurers in question, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 21.

22. With respect to the allegations contained in Paragraph 22, Defendants: (a) admit that ABMS lacked a sufficient number of accounting staff to handle its workload; (b) aver that, pursuant to an agreed upon division of labor, Johnson, Wright, and other employees were responsible for different accounting functions within ABMS; and (c) aver that Johnson worked in good-faith to discharge his duties.

23. Defendants admit the allegations contained in Paragraph 23.

24. Except to state that Defendants lack sufficient knowledge or information with which to form a belief as to the dollar amounts of the fees that Defendant Wright negotiated, they admit the allegations contained in Paragraph 24.

25. Except to state that Johnson urged Wright to increase the fees that ABMS was charging, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 25.

26. Defendants admit the allegations contained in Paragraph 26.

27. Except to state that Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27, Defendants admit the allegations contained in Paragraph 27.

28. Except to state that Defendants deny that the dollar amount of the unpaid claims comes close to that which is alleged, they lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28.

29. Except to deny any inference of fault or liability, Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Except to aver that ABMS eventually became financially unable to pay claims on behalf of the plans in question, that the stop-loss insurers' failure to pay

the claims in question has been a substantial contributing factor in the losses alleged by Plaintiff, and that Defendants lack sufficient knowledge or information with which to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and its subparts, Defendants deny the allegations contained in Paragraph 30.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has unreasonably failed to mitigate the damages alleged in the Complaint.

### THIRD SEPARATE DEFENSE

These Defendants were not fiduciaries within the intent or text of ERISA since they performed merely ministerial acts on behalf of the plans in question.

### FOURTH SEPARATE DEFENSE

Alternatively, these Defendants would not have been fiduciaries within the intent or text of ERISA at the time that any loss, harm, or damage was sustained by the plans.

### FIFTH SEPARATE DEFENSE

These Defendants were not the proximate cause of any loss, harm, or damage to the plans administered by ABMS.

### SIXTH SEPARATE DEFENSE

These Defendants cannot be liable for any loss, harm, or damage to the plans administered by ABMS that were the result of a superseding or intervening cause.

### SEVENTH SEPARATE DEFENSE

All or substantially all of the claims asserted in the Complaint are barred by operation of the statute of limitations. *See* 29 U.S.C. § 1113.

### EIGHTH SEPARATE DEFENSE

These Defendants would not be liable as the result of any breach of duty on the part of the South Carolina Department of Insurance, the Independent Fiduciary appointed by the Court in this action, or both.

WHEREFORE, Defendants Advance Benefit Management Systems USA, Inc. and C. Kenneth Johnson respectfully demand judgment in their favor, all costs and attorneys' fees for defending the action, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of July, 2020.

**GORDON REES SCULLY MANSUKHANI, LLP**

*Counsel for Defendants Advance Benefit Management Systems USA, Inc. and C. Kenneth Johnson.*

By: */s/ Chad A. Schultz*
Chad A. Schultz
GA Bar No. 644440
James S. Fielding
GA Bar No. 170003
55 Ivan Allen Jr. Blvd. NW, Suite 750
Atlanta, Georgia 30308
(404) 869-7325 (Phone)
(678) 389-8475 (Fax)
cschultz@grsm.com
jfielding@grsm.com

-and-

Joseph Salvo (*pro hac vice*)
Douglas Motzenbecker (*pro hac vice*)
John T. Mills (*pro hac vice*)
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
jsalvo@grsm.com
dmotzenbecker@grsm.com
jtmills@grsm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to the counsel of record.

This 24th day of July, 2020.

                              **GORDON REES SCULLY MANSUKHANI, LLP**

                              */s/ Chad A. Schultz*
                              Chad A. Schultz

                              *Counsel for Defendants Advance Benefit Management Systems USA, Inc. and C. Kenneth Johnson.*